IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | No. 20 CR 352 |
| | ) | Judge Steven C. Seeger |
| ANTHONY IBEKIE, | ) | |
| Defendant. | ) | |

### **RESPONSE TO THE GOVERNMENT'S SANTIAGO PROFFER**

Now comes the Defendant, ANTHONY IBEKIE, by and through his Attorney, KENT R. CARLSON & ASSOCIATES P.C., and responds to the government's Santiago proffer as follows:

A statement of a coconspirator is admissible against a defendant if the government establishes by a preponderance of the evidence:

1. That a conspiracy existed;

2. That the defendant and the declarant were members of that conspiracy;

3. That the statement was made during the course of and in furtherance of that conspiracy; See: Rule 801(d)(2)(E) of the Federal Rules of Evidence, Bourjaily -v- United States 483 U.S. 171 (1987) and United States -v- Brookins- 52 F.3d 836 (7th Cir. 1995).

The government's Santiago proffer establishes fails in every respect to establish the requirements of Rule 801 (d)(2)(E) of the Federal Rules of Evidence, Bourjaily -v- United States supra, and United States -v- Brookins supra.

First, the proffer fails to establish by a preponderance of the evidence, the existence of the scheme charged in the superseding indictment. The superseding indictment alleges a single specific scheme, with distinct membership and goals. To the contrary, the proffer establishes at best several separate and distinct schemes, whose objectives and goals differed.

Because the government's proffer fails to establish by a preponderance of the evidence, the existence of the single, specific scheme charged in the superseding indictment, it has failed to meet the mandates for admission of co-conspirator statements set forth in Rule 801 (d)(2)(E) of the Federal Rules of Evidence; <u>Bourjaily -y- United States,</u> supra, and <u>United States -v- Brookins</u>, supra,

Secondly, the government's proffer does not establish by a preponderance of the evidence that ANTHONY IBEKIE and for that matter anyone else were members of the charged scheme. The government's proffer in only a vague, general and conclusionary manner states that ANTHONY IBEKIE and named others are members of the scheme alleged in the superseding indictment.

Because the government's proffer does not establish by a preponderance of the evidence, ANTHONY IBEKIE's as well as named others or anyone else's membership in the charged conspiracy, it has failed to meet the mandates for admission of co-conspirator statements set forth in Rule 801(d)(2)(E) of the Federal Rules of Evidence; <u>Bourjaily -v- United States</u> supra; and <u>United States -v- Brookins</u>, supra.

It must also be noted that the government did not even attempt to demonstrate on a declaration by declaration basis, the declarations it intends to introduce and further does not attempt to demonstrate on a declaration by declaration basis how and why each declaration furthers the scheme charged in the superseding indictment.

The government's proffer in only a vague, general and conclusionary manner states that certain declarations exist and that each declaration in some way furthers some objective of the scheme.

The failure to identify each such declaration, much less demonstrate how and why each declaration furthers the scheme charged in the superseding indictment, renders the defense helpless to either pre-trial seek to exclude admission of inadmissible co-conspirator declarations and/or seek limiting instructions.

Because the government's proffer fails to identify each declaration it seeks to admit under Rule 801(d)(2)(E) of the Federal Rules of Evidence and does not establish by a preponderance of the evidence, that each declaration it seeks to introduce as a co-conspirator statement, is made by a member of the conspiracy and furthers the charged conspiracy, it has failed to meet the mandates for admission of co-conspirator statements set forth in Rule 801(d)(2)(E) of the Federal Rules of Evidence; <u>Bourjaily -v-United States</u>, supra; and <u>United States -v- Brookins</u> supra.

In the event this Honorable Court determines that the government's proffer is sufficient to admit against him co-conspirator statements, ANTHONY IBEKIE reserves the right to object to specific co-conspirator declarations, as not satisfying the mandates of Rule 80I (d)(2)(E) of the Federal Rules of Evidence, <u>Bourjaily -v- United States-</u> supra and <u>United States -v- Brookins</u> supra., as the government has not sufficiently identified such statements and justified their admission.

Because the government's proffer does not establish the three (3) foundational prerequisites mandated by Rule 801 (d)(2)(E) of the Federal Rules of Evidence, <u>Bourjaily -v- United States</u> supra and <u>United States -v- Brookins-</u> supra., for admission of co-conspirator declarations, ANTHONY IBEKIE prays this Honorable Court deny admission against him of

declarations made by his alleged co-conspirators and preclude the government from attempting to admit such statements.

Respectfully submitted,

/s/ KENT R. CARLSON

KENT R. CARLSON
53 W. Jackson Blvd. - Suite 1523
Chicago, In. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net

## **CERTIFICATE OF SERVICE**

The undersigned, hereby certifies that the following document:

RESPONSE TO THE GOVERNMENT'S SANTIAGO PROFFER

Was served on April 11, 2024, in accordance with Fed. R. Crim. P. 49, Local Rule 5.5 and the General Order on Electric Case Filing (ECF), pursuant to the District Court's system as to ECF filers.

s/Kent R. Carlson
KENT R. CARLSON & ASSOCIATES P.C.
53 W. Jackson Blvd. - Suite 1523
Chicago, Il. 60604
(312) 663-9601
kentrcarlson@sbcglobal.net
