**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **No. 20 CR 00352-1** |
| **v.** | ) | |
| | ) | |
| | ) | **HON. STEVEN SEEGER** |
| **SAMUEL UCHENNA ANIUKWU** | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

NOW COMES the Defendant, Samuel Uchenna Aniukwu, ("Sam" and/or "Mr. Aniukwu") by his attorney, Michael E. Rediger, and pursuant to the Federal Rules of Criminal Procedure, Rule 32.1(g) submits the following Sentencing Memorandum:

1.     **FACTUAL CORRECTIONS**:

Mr. Aniukwu has read the Presentence Investigation Report with the assistance of counsel, and he indicated that there are no factual corrections.

2.     **SENTENCING:**

After *Booker,* the United States Sentencing Guidelines are just "advice" and "judges' "freedom to impose a reasonable sentence outside the range is unfettered." *See U.S. v. Demaree*, 459 F.3d 791 (7th Cir. 2006).   The Supreme Court has ruled that "...the sentencing court does not enjoy the benefit of a legal presumption that the Guideline sentence should apply." *See Rita v. U.S,* 127 S.Ct. 2456 (2007).   In fact, District Courts are no longer required, or permitted, to simply defer to the Sentencing Commission's policies. *See Rita v. U.S,* 127 S. Ct. 2456, 2468 (2007).

The primary directive of 18 U.S.C. § 3553(a) is to impose a sentence that is "sufficient, but not greater than necessary to achieve the purposes of sentencing. Merely reciting the factors is not enough.   Instead, the court must provide some analysis of how the factors apply to the

1

facts." *See U.S. v. Cunningham,* 429 F.3d 673, 675-679 (7th Cir. 2005). The district court may conclude that the Guideline sentence fails to reflect §3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate "regardless." *Rita,* at 127 S.Ct 2456, 2463 (2007).

In the case at bar, the Government, Probation and the Defendant do not agree on the appropriate Guideline sentence calculations. However, most importantly, both Probation and the Defense do agree that in Sam's case, the Court should impose a below-guideline sentence. (See Probation Recommendation of 65 months on page 1) As such, the issue before the Court is just how much below the guidelines should be Mr. Aniukwu's sentence? As set forth herein, the Defense asserts that in order to fashion a sentence that is "sufficient, but not greater than necessary to achieve the purposes of sentencing" Mr. Aniukwu's sentence should be a total period of incarceration of thirty-six (36) months and eleven days, (time considered served) as was contemplated by his Plea Agreement (ECF DKT# 232) and Agreed Motion for Release From Custody (ECF DKT# 229). The Defense offers the following in support of its position:

**A.      Sentencing Pursuant to Guidelines:**

1.      When imposing a sentence, a district court must first calculate the advisory Guideline range and then select a sentence within or outside the range in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Robinson*, 435 F.3d 699, 700-01 (7th Cir.2006). Under the Guidelines, the disputed calculations are as follows:

    **A.      Base Offense Level-Count 2: Wire Fraud (7)**

    (1)      Probation and the Plea Agreement has calculated Mr. Aniukwu's base offense level for Count 2: Wire Fraud as 7, pursuant to 18 U.S.C. §1343 found in Guideline § 2B1.1.(a)

**B.** **Specific Offense Characteristics (Probation +18) (Plea Agreement +16)**

(1)  According to <u>Probation,</u> pursuant to Guideline § 2B1.1(b)(1)(J) the offense level is increased by 18 levels because the loss amount was approximately $3,599,473.15 which is more than $3,500,000 but less than $9,500,000.

(a)  According to the <u>Plea Agreement</u> pursuant to Guideline § 2B1.1(b)(1)(I) the offense level is increased only by 16 levels because the loss amount was approximately $1,608,734 which is more than $1,500,000 but less than $3,500,000.

**Specific Offense Characteristics (+4)**

(2)  Both Probation and the Plea Agreement agree that pursuant to Guideline §2B1.1(b)(2)(B) the offense level is increased by 4 levels because the offense resulted in substantial financial hardship to five or more victims.

**Specific Offense Characteristics (+2)**

(3)  Both Probation and the Plea Agreement agree that pursuant to Guideline §2B1.1(b)(10)(C) the offense level is increased by 2 levels because the offense involves sophisticated means, and the Defendant intentionally engaged in or caused the conduct constituting sophisticated means.

(4)  Therefore, pursuant to USSG §2S1.1(a) and §2B1.1 the adjusted offense level for Count 2 of the superseding indictment is 31 according to <u>Probation</u> and 29 according to the <u>Plea Agreement.</u>

**Specific Offense Characteristics (+1)**

(5)  Pursuant to guideline 2S 1.1(b)(2(A), the offense level is increased by one level because the defendant committed money laundering (Count 9 of superseding indictment) in violation of title 18 United States Code section 1957.

3

(6)     Therefore, the adjusted offense level for Count 2 and Count 9 of the superseding indictment is 32 according to Probation and 30 according to the Plea Agreement.

## C.     Acceptance of Responsibility (-2)

(1)     Mr. Aniukwu has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline §3E1.1(a). Therefore, Mr. Aniukwu is entitled to a two (2) level reduction in the offense level.

(2)     In addition, Mr. Aniukwu has timely notified the government of his intention to enter a plea of guilty. Therefore, assuming the Court determines that Mr. Aniukwu's offense level is 16 or greater prior to consideration of whether Mr. Aniukwu is entitled to acceptance of responsibility; Mr. Aniukwu should receive an additional one (-1) point reduction in his offense level.

## D.     Total Offense Level

(1)     Notably, **Defendant's criminal history points equal 0** and defendant's criminal history category is I:

(2)     Based on the above, defendant's total offense level has been determined by the Probation department to be 29 and his criminal history category is I, which results in an anticipated advisory Guideline range of 87 to 108 months.

(3)     Based on the above, defendant's total offense level has been determined by his Plea Agreement to be 27 and his criminal history category is I, which results in an anticipated advisory Guideline range of 70 to 87 months.

4

3.      **APPLICATION & ANNALYSIS**

    A.      <u>**The Application of Statutory §3553(a) Sentencing Factors in Mr. Aniukwu's**</u>
<u>**Case Favor a Below-Guideline Sentence.**</u>

The sentencing factors under 3553(a), unlike the sentencing guidelines themselves, are mandatory. *United States v., Wachowiak*, citing *United States v, Dean*, *supra* at 729. "This Honorable Court has considerable discretion to individualize the sentence to the offense and the offender as long as the judge's reasoning is consistent with 3553(a)." *United States v., Wachowiak*, citing *Rita v., United States*, 127 S. Ct 2456, 2463 (2007). Accordingly, a sentence is reasonable if the sentencing judge has given meaningful consideration to the sentencing factors enumerated in 3553(a), including the advisory sentencing guidelines, and arrived at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case. *United States v., Wachowiak*, citing *United States v., Cunningham*, 429 F.3d 673, 670 (7th Cir. 2005) and *United States v., Dean*, supra at 729.

Although not all the factors are discussed within this Sentencing Memorandum, it is important to highlight the following 3553(a) factors which support Mr. Aniukwu receiving a sentence of time considered served. (3 years and eleven days)

    1.      <u>**Nature of the Offense-Impact of the Plea Agreement-Enforcement of**</u>
<u>**Integrity**</u>

Mr. Aniukwu does not dispute the offense conduct summarized in his Plea Agreement. In fact, in an effort to minimize the impact of his criminal conduct on his victims and the Government, Mr. Aniukwu entered into a cooperation agreement. (See Plea Agreement & Agreed Motion for Release) From the time he entered into the Plea Agreement, Mr. Aniukwu fully and truthfully

cooperated in all matters with the United States Attorney's Office for the Northern District of Illinois. This cooperation included providing complete and truthful information in the investigation and pretrial preparation of the criminal case against his Co-defendant Anthony Ibekie. As it's set out in the Governments Version of the Offense, Sam met with the prosecutors for the United States Attorney's Office for several proffer interviews and two (2) trial preparation interviews. The government ultimately decided not to call Mr. Aniukwu, as a witness at the trial of Anthony Ibekie. This decision was made as a part of the Governments' own trial strategy to not allow Defendant Ibekie to point a finger at Sam causing the potential to confuse the Jury. To be sure, at all times, after signing the Plea Agreement and up and until the filing of this Sentencing Memorandum, Mr. Aniukwu provided complete and truthful information in the investigation and pretrial preparation of the criminal case against his Co-defendant Anthony Ibekie.

Most importantly, Mr. Aniukwu agreed to co-operate with the Government at great risk to his own personal safety and the safety of his family. Since the signing of his Plea Agreement and subsequent Agreed Motion for Release, Sam and his family have received multiple, credible, death threats from the co-defendant and his "affiliates". As such, for the past year, Sam and his family have had to live in fear, looking over their shoulders hoping no one would physically harm them.

The Court may not be able to force the government to file it's §5K1.1 motion however, the Court may certainly apply the credit that Sam deserves. To this end, this Court has a vested interest in requiring that the U.S. Attorney's Office says what it means and means what it says: It is a simple lesson of integrity, one taught to our youngest children; "Say what you mean and mean what you say" See *Horton Hatches the Egg* , by Dr. Seuss (1968). It seems the United States Attorney's Office can't follow this simple lefe lesson from Dr, Seuss. To be sure, when applying

the credit for cooperation that Sam certainly deserves (with or without the §5K1.1 motion), Mr. Aniukwu's sentence of Time Considered Served (3 years and eleven 11 days) is clearly "sufficient, but not greater than necessary to achieve the purposes of sentencing".

**2.        Mr. Aniukwu Has A Complete Lack of Criminal History and As Such, Should Receive the Below Guideline Sentence pf Time Considered Served**

In *U.S. v. Robertson,* 662 F.3d 871 (7th Cir. 2011) the court stated, "Sentencing policy recognizes that a **within-Guidelines sentence may be inappropriately high** when reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.". This case represents Mr. Aniukwu's first real involvement with any law enforcement in his entire life. As such, he has zero criminal history points and has a criminal history category of I. Mr. Aniukwu has never been convicted of a felony. Prior to being arrested for this case, Mr. Aniukwu had never been sent to the penitentiary and this is his first experience with the sentencing process.

As such, a district court may weigh a defendant's lack of a criminal record, even when the defendant has been placed into a criminal history category of I, in its §3553(a) analysis. *U.S. v. Huckins* 529 F.3d 1312 (10th Cir. 2008). Further, as is set out in the USSC's own research suggesting that that proper application of 3553(a) in the case of a "true" first offender now strongly supports a below-guideline variance because of 3553(a)(2)(C) and in 3553(a)(6). Finally, "The analysis [of empirical data on re-offending] delineates recidivism risk for offenders with minimal prior criminal history and shows that the risk is lowest for offenders with the least experience in the criminal justice system. Offenders with zero criminal history points have lower recidivism

7

rates than offenders with one or more criminal history points. Even among offenders with zero criminal history points, offenders who have never been arrested have the lowest recidivism risk of all."); US v. Duane, 533 F.3d 441 (6th Cir. 2008). As a result, a below guideline sentence of Time Considered Served (3 years and eleven 11 days) is appropriate in Sam's case.

### 3. Defendant's History and Characteristics

Subparagraph (1) of 18 U.S.C. §3553(a) requires courts to consider "the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1) (West 2005). These include considering factors such as a defendant's age, education and vocational skills, mental and emotional condition, physical condition (including drug or alcohol dependence), Employment record, family ties and responsibilities, socio-economic status, civic and military contributions, and lack of guidance as a youth. *U.S. v. Ramun*, 353 F. Supp. 2d at 986. Not all of these characteristics are examined within this Sentencing Memorandum, however, it is important to highlight the following characteristics which support Sam receiving the sentence of Time Considered Served.

### a. Education and Employment History

Upon a review of the Probation officers report, it is clear Mr. Aniukwu is a highly educated man. Sam graduated from high school in Nigeria in 1993 then went on to receive a bachelor's degree from the Institute of Management and Technology in Nigeria in 2002. He continued his education and received a bachelor's degree in social work from Global Open University in New Delhi India. Additionally, from 2009 to 2010 he obtained a post graduate diploma in human rights from the India institute of Human Rights. Sam also received a master's degree in human resource management from Mahatma Gandhi University in New Delhi in 2012. As such, Sam's extensive education background is a positive attribute that supports his game plan

8

for his life goals after this case is over.  Notably, attached as Group Exhibit A are Certificates from classes Sam completed while incarcerated here in the Northern District of Illinois as well as when he was released in 2023. All of which shows Mr. Aniukwu's hardworking, positive character.

**4.      The Loss Calculation, as in all Wire Fraud Cases, Results in an Overly Harsh Sentencing Guideline Range.**

The advisory guideline range in this case is far greater than necessary to establish the goals of sentencing. The harsh sentencing recommendations of § 2B1.1 are not based on past practice or empirical data and have been increasingly rejected by sentencing courts in high-loss fraud cases. Over the past twenty years, the Sentencing Commission has dramatically increased the severity of sentences for fraud offenders by raising the number of points imposed for the amount of loss *and* by approving a **five-fold** expansion in the number of specific offense characteristics. (In Mr. Aniukwu's case, this amounts to an unwarranted increase of 18 points according to Probation 16 according to the Plea Agreement). Because the Commission failed to rely on empirical data when making these changes – and thus failed to fulfill its institutional role – sentencing courts have tremendous discretion to disagree, on policy grounds, with § 2B1.1's sentencing recommendations. *See Spears v. United States*, 129 S. Ct. 840, 843 (2009) (explaining that when the Commission fails to fulfill its institutional role, a district court can vary from the guidelines "based on *policy* disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case").

As such, this Court can take into consideration the Sentencing Commissions failure to fulfill its institutional role and only apply the specific offense characteristics in a manner that is

reasonable. In short, this analysis supports a sentence of Time Considered Served as it applies to Mr. Aniukwu.

5.    **Pursuant to 28 U.S. Code § 994(j) – "Duties of the Commission," it could be argued that Mr. Aniukwu should not have been incarcerated at all.**

29 U.S.C. § 994 (j)- "Duties of the Commission" states in pertinent part:

> The Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence *other than imprisonment* in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, and the general appropriateness of imposing a term of imprisonment on a person convicted of a crime of violence that results in serious bodily injury. [emphasis added].

As a continuation of the argument set forth in Section A.2 of this memorandum, Mr. Aniukwu is a first-time offender and has not been convicted of a crime of violence. In regard to Counts 2 & 9, it is easy to argue that as a first-time offender Mr. Aniukwu should not have received any period of incarceration. The argument revolves around what is considered "an otherwise serious offense". In affect, if not for Sam's plea, Mr. Aniukwu could have been eligible for a period of probation/supervised release given his complete lack of any criminal background. As such, the three (3) years he has already spent in jail is certainly a sentence that is "sufficient, but not greater than necessary to achieve the purposes of sentencing." when considering the intent of 29 U.S.C. § 994 (j).

4.    **CONCLUSION**

Striking a just balance between punishment for a crime and consideration for a life that has potential for positive rehabilitation is difficult. Although Sam did commit a serious offense, he has

fully accepted responsibility for his actions and plead guilty before this Court and agreed to co-operate with the Government. Clearly, in Mr. Aniukwu's case, given his complete lack of criminal history, a long period of incarceration, makes little sense. Based on all of the above, Mr. Aniukwu requests that this Court impose a total sentence of Time Considered Served. There are very few policy reasons that would justify imposing the Guideline sentencing sought by the Government in light of the numerous §3553(a) factors which are present in this case.

Respectfully submitted,

s:/     Michael E. Rediger

Attorney for Defendant

A.R.D.C 6225900
Michael E. Rediger
The Rediger Law Firm
161 North Clark
Chicago, Illinois 60601
ph. (312) 342-7174.
mrediger@redatlaw.com

11